(February 18, 1976)

In the Matter of RICHARD FREDERICK CHASE, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.—Petitioner moves to confirm the report of the referee which sustained charges of professional misconduct against respondent who was admitted to the Bar by this court on November 15, 1962. The original and supplemental petitions set forth 11 charges of professional misconduct, all of which are admitted. Specifically, respondent has admitted that he neglected the Brockway, Whittle and Hughes estates and ignored inquiries and deceived persons as to the status of the estates; neglected the Crandall wrongful death and personal injury matter; neglected the Keyes personal injury matter; and failed to co-operate with petitioner in its investigation of complaints against him. In addition, he has admitted that he neglected a contaminated food case, a personal injury action and a real estate matter on behalf of the Films. He has also admitted that he attempted to induce a complainant, by the offer of the payment of a sum of money, to withdraw a complaint filed with the petitioner (Charge VII). However, we find that his offer, under the circumstances of this case, does not constitute professional misconduct since there is no suggestion that respondent, by his offer, intended to or did, in fact, obstruct the petitioner's inquiry in any way. (See *Matter of Zapata,* 47 AD2d 141.) In mitigation, it appears that the estates have either been settled or turned over to other attorneys without any claim of financial loss. It also appears that the Crandall wrongful death and personal injury matter is in the hands of another attorney as well as the Film personal injury action. The motion to confirm the report of the referee is granted in all respects except as to Charge VII. In evaluating the discipline to be imposed upon respondent for his misconduct, we have given due consideration to the proof of respondent's

emotional problems following the death of his father in January, 1973, as well as the fact that he voluntarily suspended himself from practice in August, 1974. Taking these factors into consideration, as well as the mitigating circumstances previously mentioned, we conclude that respondent should be suspended from the practice of law for a period of one year and thereafter until the further order of the court. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.